UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JACKIE SHENKMAN, on behalf of
Mandy Shenkman,

                       Plaintiff(s),

       -against-

NASSAU BOCES,
                       Defendant(s).
------------------------------------------------------------X

**REPORT AND RECOMMENDATION**

CV 07-0986 (ERK)(WDW)

**WILLIAM D. WALL, United States Magistrate Judge:**

      On June 27, 2007, by order entered on July 12, 2007, District Judge Korman referred to the undersigned the pending motion to dismiss (DE[5]) and plaintiff's application for an extension of time to oppose the motion to dismiss (DE[6]). After reviewing the motion papers, the undersigned questioned whether the plaintiff, Jackie Shenkman, could appear pro se on behalf of her adult daughter, Mandy Shenkman, and held a conference to discuss the issue of standing. Subsequently, Ms. Shenkman filed a letter request asking that the caption of the case be changed to "Mandy Shenkman, by Jackie Shenkman as next friend," (DE[13]) and a motion seeking the appointment of counsel (DE[14]). The undersigned has concluded that although Jackie Shenkman can serve as Mandy's next friend, she cannot appear pro se on Mandy's behalf. Based on these findings, and for the reasons set forth herein, the undersigned recommends that Jackie Shenkman's request to be designated Mandy's next friend be granted, that Mandy's application for appointment of counsel also be granted, and that the motion to dismiss and the request for an extension of time to oppose that motion be stayed until such time as the effort to find counsel has been successful or has been exhausted.

**BACKGROUND**

On August 29, a conference was held to address the issue of standing. Ms. Shenkman submitted a letter from the Touro Law School Mental Disability Clinical Program[1] which advised Ms. Shenkman that she could appear as a "next friend" to Mandy pursuant to Federal Rule of Civil Procedure 17(c). DE[10-2]. Rule 17(c) allows a "next friend" to sue on behalf of a child or an incompetent person who does not have a representative such as a general guardian, committee, conservator, or other like fiduciary. Jackie Shenkman has stated that Mandy has no guardian or other "like fiduciary," and that Jackie could thus could act as Mandy's next friend.

For Rule 17 to apply, Mandy Shenkman, who is thirty years old, must be found to be incompetent. In support of her claim that Mandy is incompetent, Jackie Shenkman submitted a letter from Orrin Devinsky, M.D., at the NYU Medical Center Comprehensive Epilepsy Center. DE[10-4]. Dr. Devinsky states that "Mandy's limited cognitive abilities and expressive language difficulties . . . would prevent her from participating in any legal proceedings." *Id.* Jackie Shenkman also submitted proof that she is the representative payee on Mandy's Social Security account. DE[10-3]. The defendant, Nassau BOCES, notes that Rule 17 "does not indicate the basis upon which a court determines the predicate fact that a party not already legally adjudicated to be so, is presently 'incompetent,'" but states that the evidence submitted by Jackie Shenkman does not establish proof of incompetence. Def. Letter in Opp. (DE[12]) at 1 (citing *Hudnall v. Sellner,* 800 F.2d 377, 385 (4th Cir. 1986)). The court does not need look further at that issue, however, because the defendant does not object to Jackie Shenkman's proceeding as Mandy's

---

[1]The Clinic does not represent Jackie or Mandy Shenkman, but performed some research on Ms. Shenkman's problem and responded to her in a letter. The court accepted the letter into the record as setting forth Jackie Shenkman's position on the issue.

next friend, implicitly accepting the designation of Mandy as incompetent. DE[12] at 2.

The finding that Jackie Shenkman can appear as Mandy's next friend, does not, however, answer the question of whether Jackie Shenkman can proceed pro se in that capacity, a question that is a separate and distinct issue. *See Bar-Navon v. School Board of Brevard County, Florida,* 2006 U.S. Dist. LEXIS 78408, *4 (M.D. Fla. Oct. 27, 2006) (citing *Devine v. Indian River County Sch. Bd.,* 121 F.3d 576, 581 (11th Cir. 1997) for proposition that Rule 17(c) "permits authorized representatives, including parents, to sue on behalf of minors, but does not confer any right upon such representatives to serve as legal counsel.") The undersigned finds that Jackie cannot represent Mandy pro se as next friend.

The "well established general rule in the Second Circuit" has been that "'a parent not admitted to the bar cannot bring an action pro se in federal court on behalf of his or her child.'" *Tindall v. Poultney High School District,* 414 F.3d 281, 284 (2d Cir. 2005)[2]. The rationale for this rule is the protection of the legal interests of the minor and avoidance of the impropriety of "a person who is not a member of the bar representing another person in court proceedings." *Id. Tindall,* it should be noted, was decided in the context of a claim under the Individuals with Disabilities Education Act ("IDEA"). The Supreme Court has recently held that parents could appear pro se in claims under IDEA, because under that statute parents enjoy rights of their own, independent from their children's rights, and can thus proceed pro se on their own behalf. *See Winkelman v. Parma City School District,* 127 S. Ct. 1994 (2007). The *Winkelman* court specifically noted, however, that in light of its holding, it need not reach the issue of whether

---

[2] For the purposes of this R&R, the undersigned applies the law and reasoning phrased in terms of children to incompetent adults such as Mandy Shenkman as well.

3

IDEA entitles parents to litigate their child's claims pro se. 127 S. Ct. at 2007. The holding in *Winkelman* thus does not change the fundamental rule, relied on in *Tindall*, that parents cannot appear pro se on behalf of their children when it is the children's rights, and not the parents' independent rights, that are at issue. *See, e.g., Daniels v. Murphy,* 2007 U.S. Dist. LEXIS 47838 (E.D.N.Y. July 2, 2007) (case brought pursuant to 42 U.S.C. § 1983, and decision issued after *Winkelman* was decided).

This result is demanded by the plain language of 28 U.S.C. §1654, which provides that in all courts of the United States "the parties may plead and conduct *their own cases* personally or by counsel . . ." (emphasis added). Pursuant to this, the Second Circuit has held that an individual who is not licensed as an attorney "may not appear on another person's behalf in the other's cause," but must be "litigating an interest personal to him." *Iannaccone v. Law,* 142 F.3d 553, 558 (2d Cir. 1998); *see also Bar-Navon*, 2006 U.S. Dist. LEXIS 78408, *5-7 and cases cited therein[3]. Nothing in Rule 17 modifies that rule when a parent appears as next friend. The next friend status allowed by Rule 17 would give the parent the right to hire counsel and to authorize counsel to proceed on the child's or incompetent's behalf, but does not give the parent the right to proceed pro se on the child's or incompetent's behalf. Thus, the court finds that Jackie Shenkman can appear as next friend for Mandy, but cannot appear pro se on her behalf.

In reaching this conclusion, the undersigned is not unmindful of the difficult position in which Jackie and Mandy Shenkman are placed. Jackie Shenkman has provided the court with a

---

[3] Neither the *Bar-Navon* nor the *Iannacone* cases involved IDEA and their reasoning is unaffected by the decision in *Winkelman.* Although the holding in *Tindall*, which was an IDEA case, would be different post-*Winkelman* if parents asserted IDEA claims on their own behalf, the underlying rationale that individuals cannot represent other people's interests pro se is unaffected by *Winkelman,* as discussed *supra*.

4

list of the sources she has contacted in an effort to obtain legal representation, all without success, and she has asked the court to appoint counsel for Mandy. Pursuant to 28 U.S.C. §1915 (e)(1), courts may "request an attorney" to represent someone unable to afford counsel. Courts possess broad discretion when determining whether appointment is appropriate, "subject to the requirement that it be 'guided by sound legal principle.'" *Cooper v. A. Sargenti Co., Inc.,* 877 F.2d 170, 171-72 (2d Cir. 1989)(quoting *Jenkins v. Chemical Bank,* 721 F.2d 876, 879 (2d Cir. 1983)). The Second Circuit has listed several factors to be looked at in making the determination of whether to appoint counsel, including a threshold determination of whether "the indigent's position seems likely to be of substance." Here, the court is unable to determine the viability of Mandy's claim from the facts as set forth in the complaint, but finds that the Second Circuit's guidance that "[e]ach case must be decided on its own facts," and that the court can consider "any special reason . . . why appointment of counsel would be more likely to lead to a just determination," supports a recommendation that Mandy's income qualifies her as indigent, and that an effort should be made to find counsel for her from the Pro Bono Panel. Although there is no guarantee that an attorney will agree to take the case, an effort should be made to find counsel. The motion to dismiss should not be decided, nor opposition to it required, until such time as counsel has been found or it becomes clear that no counsel will agree to take the case, as sometimes happens when pro bono counsel is sought.

In summary, the undersigned recommends that:

1) the docket of the case be changed to identify Mandy Shenkman as the plaintiff, with Jackie Shenkman as her next friend;

2) Mandy Shenkman be found to be indigent and the Clerk of the Court be directed to try

5

to find an attorney from the Pro Bono panel[4] to represent her;

3) that the motion to dismiss and the request for an extension of time to oppose that motion be stayed until such time as the outcome of the effort to appoint counsel is resolved.

**OBJECTIONS**

A copy of this Report and Recommendation is being sent to counsel for the defendant by electronic filing and to Jackie Shenkman by mail on the date below. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 10 days. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. §636 (b) (1); Fed. R. Civ. P. 72; *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
October 4, 2007

                                                           s/ William D. Wall
                                                          WILLIAM D. WALL
                                                          United States Magistrate Judge

---

[4] It is unclear whether the Long Island pro bono panel or the Brooklyn pro bono panel, which is the larger of the two, will be used, inasmuch as this case has a presiding District Judge in Brooklyn and a Magistrate Judge in Central Islip.